IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WAYNE G. WOODS,<br><br>Petitioner,<br><br>vs.<br><br>MICHAEL FLETCHER, DENNY KEAMINGK, and DARIN YOUNG, et al.,<br><br>Respondents. | Cause No. CV 17-51-H-DLC-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Wayne G. Woods Writ for Habeas Corpus Relief. (Doc. 1.) In 1983, Mr. Woods was convicted in South Dakota state court and sentenced to life without parole for first degree murder. He is currently incarcerated at the Montana State Prison pursuant to an interstate corrections compact. (Doc. 1-4 at 1-2.) Setting the issue of personal jurisdiction aside, it is apparent that this is a second or successive habeas petition and, for the reasons set forth below, the matter should be dismissed for a lack of jurisdiction.

I.    **Motion to Appoint Counsel**

On May 5, 2017, Woods filed a motion for the appointment of counsel. Counsel must be appointed "when the case is so complex that due process violations will occur absent the presence of counsel," *Bonin v. Vasquez*, 999 F.2d

1

425, 428-29 (9th Cir. 1993) (discussing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)), or when an evidentiary hearing is required, Rule 8(c), Rules Governing § 2254 Cases. Counsel may be appointed at any stage of the proceedings if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Under § 3006A, the court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Woods's case is not so complex that his right to due process will be violated if counsel is not appointed. Because his petition is successive in nature, this Court lacks jurisdiction. The appointment of counsel will not cure that defect. Woods does not require counsel as a matter of due process and the Court declines to exercise its discretion to appoint counsel.

## II. Habeas Petition

Although Woods entitles one of the supplements to his petition as a "Civil Action 1983 Complaint" (Doc. 1-1) and requests monetary compensation, the main relief that Woods seems to seek is that his criminal conviction be overturned and that this Court grant him "unconditional release to the community." (*Id*. at 4, ☐11.) Because success on Woods's claims would necessarily lead to his immediate release or earlier release from confinement, his claims "fall within the core of habeas corpus." *Nettles v. Grounds*, 830 F. 3d 922, 935 (9th Cir. 2016)

(cert. denied No. 16-6556, 2017 WL 69407 (U.S. Jan 9, 2017).  Thus, the matter sounds in habeas, not § 1983.[1]

As a preliminary matter, Woods generally explains the origin of his offense as being that once he learned his younger brother had been sexually assaulted by a neighbor, James Robert Everett, he took steps to protect his family from Everett. Initially, he followed his younger siblings to and from school and patrolled the area of his mother's workplace to ensure Everett was nowhere to be seen. Eventually, Woods's protective acts led to him to Everett's house where he attempted to remove guns located on the property during two separate trips.  On the third trip to Everett's home, an armed Everett surprised Woods and Woods reacted by shooting and killing Everett, purportedly in self-defense.  *See generally* (Doc. 1-3, "A Plea Letter from Wayne G. Woods".)[2]

### i.   Procedural History

Following the South Dakota Supreme Court's affirmance of Woods's murder conviction, Woods filed a federal habeas petition.  There, Woods argued that the trial court's denial of his proposed self-defense instruction violated his right to due process and that the jury instructions unconstitutionally eased the

---

[1] If Woods seeks to file a civil suit seeking monetary damages he may do so by submitting this Court's standard from.

[2] This is not the factual account that came out at trial.  See, *Woods v. Solem*, 891 F. 2d 196, 197 (8th Cir. 1989); See also, (Doc. 1-8, newspaper article: "Woods Claims His Brother Abused").

3

state's burden of proving first-degree murder beyond a reasonable doubt. The federal district court denied Woods's petition. The denial was affirmed by the Eighth Circuit. *Woods v. Solem*, 891 F. 2d 196 (8th Cir. 1989).

Woods attempted to file a subsequent state habeas petition alleging that by failing to hold a separate hearing to address aggravating or mitigating factors, the trial court violated Woods's rights and imposed a facially invalid sentence. *See generally* (Doc. 1-4). On appeal, the Fourth Judicial Circuit Court of South Dakota found that Woods's habeas petition failed to fall within any of the limitation periods denoted by South Dakota state law. (Doc. 1-5 at 3.) Additionally, Woods failed to comply with second or subsequent habeas application requirements by obtaining an order authorizing such application. (*Id*. at 3-4.) Further, the Circuit Court noted that Woods had acted in bad faith by misrepresenting that he had not made a prior habeas or civil challenge to the judgment. (*Id*. at 4.) Woods's petition was dismissed. It appears Woods has attempted to obtain a Certificate of Probable Cause and a Certificate of Appealability from the South Dakota state courts to no avail. *See* (Docs. 1-6, 1-7, 1-10, 1-11.)

    **ii.**    **Claims and Analysis**

Woods first alleges that his Fifth Amendment right to Due Process was violated when he was prevented from explaining to the jury or the sentencing court the true reasons that compelled him to shoot and kill Everett. *See* (Doc. 1-2 at 1-

3.) Woods also asserts he was denied his Sixth Amendment right to the effective assistance of counsel when his attorney failed to present a defense that detailed the basis for Woods's anger and ensuing motivation to confront and ultimately take violent action. (*Id*. at 3-5.) Woods believes his life sentence without the possibility of parole amounts to cruel and unusual punishment in violation of the Eighth Amendment. (*Id*. at 5-6, 11.) Much like his Fifth Amendment claim, Woods also believes his due process and equal protection rights under the Fourteenth Amendment were violated when the trial court prevented Woods from introducing evidence pertaining to the Everett's prior criminal history or his alleged prior acts of child molestation. (*Id*. at 7.) Woods contends these denials prevented him from presenting an adequate defense. (*Id*.)

The petition at hand is Woods's second federal habeas petition. He filed the first in 1986. *See Woods v. Solem*, 891 F. 2d 196 (8th Cir. 1989). That petition raised similar allegations concerning Woods's 1984 conviction and the validity of his conviction. Until Woods obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, *see* 28 U.S.C. § 2244(b), this Court has no jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484). A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction.

Based on the foregoing, the Court enters the following:

### ORDER

1. Woods's Motion to Appoint Counsel (Doc. 2) is DENIED.

### RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be ordered to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Woods may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Woods must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 26th day of May 2017.

    /s/ John Johnston
John Johnston
United States Magistrate Judge

---

[3] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.