

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WAYNE G. WOODS, | CV 17–51–H–DLC–JTJ |
| Petitioner, | |
| vs. | ORDER |
| MICHAEL FLETCHER, DENNY KEAMINGK, and DARIN YOUNG, et al., | |
| Respondents. | |

United States Magistrate Judge John Johnston entered his Order, Findings and Recommendations on May 26, 2017, recommending dismissal of Petitioner Wayne G. Woods's ("Woods") petition for habeas corpus. Woods timely filed an objection and is therefore entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir.

2000). Because the parties are familiar with the factual background of this case, it will not be repeated here.

Upon review of the objections, the Court finds that Woods fails to articulate any specific objections to the Findings and Recommendations and, instead, argues that public officials in South Dakota were remiss in their duties and asks that this Court right their alleged mistakes. Despite this plea for assistance, the Court agrees with Judge Johnston, upon de novo review, that Woods's petition for habeas corpus relief, though couched as civil action under 42 U.S.C. § 1983, is in reality his second or successive habeas petition and should be dismissed for a lack of jurisdiction. Even though Woods requests money damages pursuant to 42 U.S.C. § 1983, the underlying relief sought by Woods is to have his criminal conviction overtured and to be released from prison. (*See* Doc. 1-1 at 4 (requesting that his sentence be overturned and he be released into the community).) This request brings the petition within the realm of habeas corpus relief. *Nettles v. Grounds*, 830 F.3d 922, 928 (9th Cir. 2016), cert. denied, 137 S. Ct. 645 (2017) (stating that claims which would have resulted in immediate release if successful fall within the core of habeas corpus and have to be brought pursuant to a habeas petition). Woods's objection is overturned.

Additionally, in his objections, Woods requests review of Judge Johnston's

order denying his motion for appointment of counsel. "[T]he Sixth Amendment right to counsel does not apply in habeas corpus actions." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Rather, a district court has the discretion to appoint counsel when it determines "that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Here, the Court finds that the interests of justice do not require the appointment of an attorney. Woods's pleadings are clearly written and it is apparent that he is capable of pursuing his petition pro se. Further, this case does not present any unusual circumstances which would warrant the appointment of counsel. *Anderson v. Heinze*, 258 F.2d 479, 484 (9th Cir. 1958) ("Except under most unusual circumstances, an attorney ought not to be appointed by a federal court for the purpose of trying to find something wrong with a state judgment of conviction."). As such, the Court will overturn Woods's objection to the denial of his motion for counsel.

Lastly, after the Findings and Recommendations were issued, Woods's filed a document which the Court has construed as a motion for preliminary injunction and/or a temporary restraining order. (Doc. 7.) Though it is unclear from the motion, Woods alleges that he has been denied access to the prison library, denied legal documents, and the prison mail room has engaged in fraud. Despite these claims, it is unclear to the Court what relief is being sought by Woods.

Nevertheless, the Court will deny the motion because, as stated above, the Court lacks jurisdiction in this matter and, therefore, Woods cannot possibility succeed on the merits of this litigation. *See Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (in order to grant preliminary relief, a plaintiff "must establish that he is likely to succeed on the merits").

(1) Judge Johnston's Findings and Recommendations (Doc. 3) are ADOPTED IN FULL;

(2) The Petition (Doc. 1) is DISMISSED for lack of jurisdiction;

(3) Wood's Motion for Preliminary Injunction (Doc. 7) is DENIED;

(4) The Clerk of Court is ordered to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

(5) A certificate of appealability is DENIED.

DATED this 28th day of July, 2017

Dana L. Christensen, Chief Judge
United States District Court